## WARD v. MALVERN.

### Opinion delivered December 22, 1924.

1. CRIMINAL LAW—AMENDMENT OF RECORD—HARMLESS ERROR.—
   Where a judgment of acquittal of transporting liquor in its
   caption erroneously recited defendant's acquittal of a separately
   pending charge of "speeding," a *nunc pro tunc* order of the court
   striking out the reference to speeding, though made without
   notice to the defendant, was not prejudicial, if defendant did
   not challenge the correctness of the court's finding.

2. CRIMINAL LAW—MOTION TO STRIKE OUT AMENDMENT.—Defendant
   is not entitled to have a *nunc pro tunc* order correcting a judg-
   ment against him stricken out merely because the order was
   entered without notice to him, if he does not challenge its cor-
   rectness.

3. CRIMINAL LAW—FORMER ACQUITTAL.—Where a judgment of acquit-
   tal of transporting liquor erroneously recited defendant's acquit-
   tal of another crime, to-wit, "speeding," but the reference to
   speeding was stricken from the judgment by a *nunc pro tunc*
   order, defendant was not entitled to plead former acquittal on
   a trial for speeding.

Appeal from Hot Spring Circuit Court; *Thomas E.
Toler*, Judge; affirmed.

*H. B. Means* and *Oscar Barnett*, for appellant.

Where a judgment has been entered and becomes
final, it cannot be opened and a new trial granted at a
subsequent term. 168 S. W. 129; 113 Ark. 237; 206 S. W.
435. The court, after lapse of the term, loses control
over its final judgments. 116 S. W. 200; 52 Ark. 316;
except as prescribed by § 6292, C. & M. Digest. The
court abused its discretion in ordering a new trial. 206
S. W. 435; 136 Ark. 290. The court also erred in over-
ruling defendant's plea of former acquittal. 76 Ark. 297;
26 Ark. 260.

*John I. McClellan*, for appellee.

The plea of former acquittal was properly over-
ruled. 153 Ark. 93; 130 Ark. 51.

HUMPHREYS, J. This is an appeal from a judgment
of conviction for speeding in the circuit court of Hot
Spring County, on appeal from the mayor's court of the
city of Malvern. Two charges were preferred against

appellant in the mayor's court, this one for speeding, and another for transporting liquor. Appellant's brother, Cash Ward, and one Bill Hughen were charged jointly with him in the transporting case.

Appellant and his co-defendants were convicted in the mayor's court upon the charge of transporting liquor, and appellant was also convicted upon the charge of speeding. Each case was duly appealed to the circuit court of said county, and separately docketed. Bill Hughen entered a plea of guilty in the circuit court to the charge of transporting, and was fined. Appellant and his brother were tried upon the transporting charge and acquitted, on November 5, 1923. On November 7, 1923, the charge of speeding pending against appellant was continued for the term, by consent of the parties. On July 21, 1924, it was discovered by the court that, in entering the judgment of acquittal in the transporting charge against appellant and his brother, on November 5, 1923, the clerk had written the word "speeding" following the word "transporting" in the caption of the judgment. When the discovery was made, the court, on his own motion, without a petition by appellee and without notice to appellant or his attorney, made a finding that the clerk erroneously inserted the word "speeding" in the caption of the judgment of acquittal, and ordered the word "speeding" stricken from the caption. The word "speeding" did not appear in the body of the judgment of acquittal. On the following day the court notified appellant's attorneys of his action in striking the word "speeding" from the caption of the judgment of acquittal for transporting liquor, whereupon the attorneys moved the court to strike the order finding that the clerk erroneously inserted the word "speeding," because the correction was made without petition by appellee and without notice to appellant, and entered a plea of former acquittal, making the judgment of acquittal as entered on November 5, 1923, the basis thereof. The court overruled the plea of former acquittal, over appellant's objection and exception.

The only assignment of error relied upon by appellant in his argument for a reversal of the judgment is the trial court's action in refusing to sustain his plea of former acquittal. His contention is that the court had no right to make the order without a petition being filed by appellee requesting it, and without notice to appellant. He did not challenge the correctness of the finding of the court that the clerk had erroneously inserted the word "speeding" in the caption of the judgment of acquittal. If the word "speeding" was erroneously inserted by the clerk in the caption, appellant was not prejudiced by the order striking said word. Unless prejudiced by the *nunc pro tunc* order entered by the court, appellant was in no position to ask the court to strike the order. After the word "speeding" was stricken from the caption, the judgment of acquittal, on its face, did not embrace the charge of speeding and was not available in support of appellant's plea of former acquittal. There was no merit in appellant's motion to strike the correcting order unless he had alleged and offered to prove that the court erred in finding that the insertion of the word "speeding" by the clerk was erroneous. As stated above, appellant did not challenge the correctness of the court's finding, but simply relied upon the fact that it was entered by the court without petition and notice, hence no prejudice resulted to appellant on account of the *nunc pro tunc* order.

No error appearing, the judgment is affirmed.